# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankr. Case No.: 12-23412-GLT |
| LANCE B. MCCULLOUGH and JANELLE L. MCCULLOUGH | Chapter 13 |
| | Related Doc. No. 180 |
| Debtor. | |

## NAVIENT SOLUTIONS, LLC'S
## RESPONSE TO ORDER FINDING NAVIENT IN CONTEMPT OF COURT
## AND ORDER TO SHOW CAUSE

Navient Solutions, LLC f/k/a Navient Solutions, Inc. f/k/a Sallie Mae, Inc., by and through its undersigned counsel, hereby provides its response to this Honorable Court's Order finding Navient in contempt of court and third order to show cause, and states as follows:

1. Navient's foremost concern in this matter is to assure this Court that Navient intends no disrespect to this Court, nor to the Chapter 13 Trustee, nor to the debtor or debtor's counsel. Navient accepts responsibility for its errors in this matter. Navient endeavors below to describe the facts, and Navient's errors, that resulted in this Court's Order finding Navient in Contempt, to explain some of its confusion that resulted in its failures, and to apologize.

The Relationship Between Sallie Mae, Inc. and Navient

2. As part of a corporate reorganization Sallie Mae, Inc. changed its name to Navient Solutions, Inc. in May 2014. Much more recently, Navient Solutions, Inc. changed its form and name to Navient Solutions, LLC. The parent company of Navient Solutions, Inc., and now, Navient Solutions, LLC, is Navient Corporation. The former Sallie Mae, Inc., now Navient

Solutions, LLC, is an educational loan servicer, and its function has not changed. *See*, Affidavit of Josh Courter, attached hereto as Exhibit "A" and incorporated herein by reference, at Para. 3.

<u>Sallie Mae, Inc. filed a Proof of Claim on behalf of the Department of Education</u>

3.Navient's electronic records show that, prior to February, 2013, neither Sallie Mae, Inc., nor Navient, had any connection to the Debtor's educational loan debt. *See*, Exhibit "A" hereto, at Para. 8.

4.Navient's electronic records show that the servicing of many educational loan accounts, including the Debtor's account arising from a Department of Education Direct Consolidation Loan, was transferred to Sallie Mae, Inc. as of February 26, 2013. *See*, Exhibit "A" hereto, at Para. 9.

5.Navient's electronic records show that the Debtor's Department of Education Direct Consolidation Loan was applied for on August 16, 2012, and disbursed on September 27, 2012. *See*, Exhibit "A" hereto, at Para. 10.

6.Accounts involved in an active bankruptcy case are typically not eligible for transfer of servicing between servicers, or if servicing must be transferred, such transfer of servicing is accompanied by a notation of bankruptcy on the account, to prevent active servicing of the account in violation of the automatic stay in the bankruptcy case. *See*, Exhibit "A" hereto, at Para. 11.

7.Navient's electronic records show that there was no notation of bankruptcy in connection with the transfer of servicing of the Debtor's account to Sallie Mae, Inc. in February 2013. *See*, Exhibit "A" hereto, at Para. 12.

8.It is likely that no notation of bankruptcy was on the account when servicing was transferred to Sallie Mae, Inc. because: 1) The Debtor applied for a Consolidation Loan on

August 16, 2012, that was disbursed on September 27, 2012 (both post-petition); and 2) No educational loan creditors are listed as creditors in the debtor's bankruptcy schedules, and as such, no educational loan creditors had notice of the filing of the debtor's bankruptcy petition.

9. Navient's electronic records show that Sallie Mae, Inc. first learned of the existence of this bankruptcy case on July 22, 2013, when the Debtor called Sallie Mae, Inc. asserting that she was in an active bankruptcy. *See*, Exhibit "A" hereto, at Para. 13.

10. Navient's electronic records show that, upon receipt of the telephonic notice of the Debtor's bankruptcy case, Sallie Mae, Inc. verified the existence of the bankruptcy case through a PACER search, and after confirming the existence of the bankruptcy, Sallie Mae, Inc. placed the account in a bankruptcy status. *See*, Exhibit "A" hereto, at Para. 14.

11. Sallie Mae, Inc. should not have placed the account in a bankruptcy status, because the Consolidation Loan was applied for on August 16, 2012, and disbursed on September 27, 2012 (both post-petition), and the automatic stay is not applicable to the post-petition Consolidation Loan. Navient should have continued to service the debt, in accordance with applicable law, notwithstanding the Debtor's assertion of bankruptcy.

The Relationship between Sallie Mae, Inc. and Navient Solutions, LLC

12. Sallie Mae, Inc. filed Claim No. 9 on behalf of the Department of Education on January 13, 2014. *See*, Proof of Claim No. 9, filed in this bankruptcy case.

13. Sallie Mae, Inc. should not have filed Claim No. 9, because the Consolidation Loan that is the basis for Claim No. 9 was applied for on August 16, 2012, and disbursed on September 27, 2012 (both post-petition), and since Claim No. 9 relates to a post-petition debt, it can not be an allowed claim. 11 U.S.C. § 502(b).

14. Subsequent to filing Claim No. 9, Sallie Mae, Inc. changed its name to Navient Solutions, Inc. Much more recently, Navient Solutions, Inc. changed its form and name to Navient Solutions, LLC. *See*, Exhibit "A" hereto, at Para. 3.

15. As a result of the name changes, servicing responsibilities formerly held by Sallie Mae, Inc., including those related to Department of Education debt, became the responsibility of Navient Solutions, Inc., and later Navient Solutions, LLC. *See*, Exhibit "A" hereto, at Para. 15.

16. Navient's electronic records show that Navient withdrew Claim No. 9, because an investigation at Navient revealed that Claim No. 9 related to a post-petition Consolidation Loan. *See*, Exhibit "A" hereto, at Para. 16.

17. Sallie Mae, Inc. could not withdraw Claim No. 9, because at the time the claim was withdrawn, Sallie Mae, Inc. no longer existed as a corporate entity, having changed to Navient.

18. Claim No. 9 has not been transferred from one holder to another holder. Rather, Claim No. 9 has remained a debt owed to the Department of Education at all relevant times. Exhibit "A" hereto, at Para. 17.

19. Claim No. 9, owed to the Department of Education, has been serviced by the same servicer since February 2013, but admittedly, this servicer changed its name and corporate form from Sallie Mae, Inc., to Navient Solutions, Inc., and finally, to Navient Solutions, LLC.

20. The Chapter 13 Trustee has made no disbursement on Claim No. 9.

Notice of the Bankruptcy Case and This Court's Orders to Sallie Mae / Navient

21. No student loan creditors were listed as creditors in the Debtors' bankruptcy schedules, filed in this bankruptcy case. *See*, Docket No. 10, Schedule F.

22. The Notice of Bankruptcy Case, Meeting of Creditors and Deadlines ("First Notice") and accompanying Certificate of Notice (Docket #14) shows that notice of this bankruptcy case was not sent to the Department of Education, Sallie Mae, Navient, or any other student loan creditor. *See*, Docket #14

23. Subsequent notices generated by the debtor and this Court were also not served on the Department of Education, Sallie Mae, Navient, or any other student loan creditor. *See*, Docket Nos. 22, 26, 35, 38, 46, 50, 58, etc.

24. Sallie Mae, Inc. first learned of the existence of this bankruptcy case on July 22, 2013, when the Debtor called Sallie Mae, Inc. asserting that she was in an active bankruptcy. Exhibit "A" hereto, at Para. 13.

25. Sallie Mae, Inc. filed its Claim No. 9 on January 14, 2014. *See*, Claim No. 9.

26. As mentioned above, Sallie Mae, Inc. became Navient Solutions, Inc. in May 2014. *See*, Exhibit "A" hereto, at Para. 3.

27. Claim No. 9 has not been transferred from one holder to another holder. Rather, Claim No. 9 has remained a debt owed to the Department of Education at all relevant times. *See*, Exhibit "A" hereto, at Para. 16.

28. Navient's electronic records show that Navient filed its Withdrawal of Claim 9 on April 3, 2017 (Docket No. 165), after an internal investigation revealed that Claim No. 9 related to a post-petition debt, for which claims are not allowed. *See*, Exhibit "A" hereto, at Para. 17.

29. On April 18, 2017, this Court entered its Order Requiring Navient to File a Transfer or Assignment of Claim. *See*, Docket No. 166.

30. Navient's electronic records show that Navient's Claims Department received the April 18, 2017 Order Requiring Navient to File a Transfer or Assignment of Claim on April 24, 2017. *See*, Exhibit "A" hereto, at Para. 18.

31. The Navient Claims Department employee assigned to process the April 18, 2017 Order misunderstood or misinterpreted the Order, and determined that, since the claim related to a post-petition debt and had been withdrawn, a transfer of claim was not appropriate. Navient understands that this was an error in judgment by the Navient employee assigned to process the Order, and that the employee should have escalated the Order to a management level employee for further evaluation and action. *See*, Exhibit "A" hereto, at Para. 19.

32. On June 2, 2017, this Court entered its Order to Show Cause requiring Navient to appear to explain its failure to address the April 18, 2017 Order. *See*, Docket No. 169.

33. Navient's Claims Department received the June 2, 2017 Order on June 7, 2017. *See*, Exhibit "A" hereto, at Para. 20.

34. Unfortunately, the Navient employee assigned to process the June 2, 2017 Order again misunderstood the Order, and again determined that, since the debt was a post-petition debt and the claim had been withdrawn, no transfer of claim was appropriate. The Navient employee processing the June 2 Order failed to understand that the court demanded an explanation and appearance. The Navient employee processing the June 2 Order further failed to escalate the Order to a Navient management level representative for review and appropriate decision making. Again, Navient understands that these decisions were a grave error in judgment by the Navient employee assigned to process the Order. *See*, Exhibit "A" hereto, at Para. 21.

35. On July 13, 2017, this Court entered its Second Order to Show Cause, requiring Navient to appear to explain its failure to address the April 18, 2017 Order, and to show cause

why it should not be held in contempt. *See*, Docket No. 172.

36. Navient's Claims Department received the July 13, 2017 Order on July 21, 2017, but again, and for the same reasons that no action was taken on the April 18, 2017 Order and the June 2, 2017 Order, no action was taken in response to the July 13, 2017 Order. *See*, Exhibit "A" hereto, at Para. 22.

37. Finally, clearly frustrated by Navient's lack of action in response to its prior Orders, this Court entered its August 11, 2017 Order, again demanding action and an appearance by a corporate officer of Navient to explain Navient's failure to act in accordance with the prior Orders. *See*, Docket No. 180.

38. A review of this Court's Orders directed to Navient reveals that, after its first Orders were not acted upon by Navient, this Court added more Navient addressees to the subsequent Order(s), and the August 11, 2017 Order was received and considered by Navient employee(s) who grasped that inaction was not an appropriate response to this Court's prior Orders, leading to this response.

Further Response and Apology

39. By way of explanation, but not excuse, certain factors in the history of this matter likely contributed to Navient's failure to more appropriately respond to this Court's Orders, including, but not limited to the following:

a. Sallie Mae, Inc. (now Navient) received very late notice, and no formal notice, of this bankruptcy, which precipitated the late filing of Claim No. 9, for a post-petition debt. The Debtor did not list educational loan debt on her schedules of debt filed in this case, despite the fact that the Department of Education Direct Consolidation Loan was a consolidation of pre-existing educational loan debt, undoubtedly incurred pre-petition. Further, the Debtor

applied for the Consolidation Loan without moving for this Court's approval to incur new, post-petition debt. While Navient *does not* seek to shift blame to the Debtor for its failures to act on this Court's Orders, this factual background presented an unusual and confusing situation for any Navient employee in servicing the Department of Education debt.

  b. There is no adversary proceeding, objection to claim, or other contested matter pending or served on Navient, listing Navient as a defendant or respondent, that might have led a Navient employee to refer this matter to Navient's Bankruptcy Litigation Unit, who would have more experience evaluating court Orders, and who would have authority to retain counsel to advise Navient to respond in a more timely and appropriate manner.

  c. Sallie Mae, Inc.'s Proof of Claim was filed for a post-petition debt, and then withdrawn, and Navient employee(s) misinterpreted this Court's Orders, believing that having withdrawn the claim, a transfer of the withdrawn claim was inappropriate. The intent of the withdrawn claim was to urge no distribution on the claim, and Navient did not want to frustrate that intent or assert validity to the claim.

  d. Although the claim was improperly filed for post-petition debt, the creditor on the debt has not changed since Sallie Mae, Inc., and now Navient, have been servicing the debt. Navient's claims processors likely did not understand the need to transfer a claim when the creditor remained the same, the Department of Education. This may be more confusing in light of the fact that most bankruptcy courts have not required Transfers of Claim from Sallie Mae, Inc., to Navient, and Navient employees are typically trained to address all claims similarly, regardless of the jurisdiction(s) in which they are filed.

40. Navient offers its sincere apology for its failure to act in response to this Court's prior Orders. It is ***never*** Navient's desire to offend or unnecessarily challenge a court, or to

disobey an Order of any court, wherein Navient conducts business regularly, and wherein Navient understands that it will have cases and controversies in the future.  Navient has no desire to waste the resources of this Court, the Chapter 13 Trustee, or counsel or their clients.  Navient further assures this Court that frank and solemn discussions have been held, and are ongoing, at Navient, to ensure that Claims Department employees appropriately escalate matters that are beyond their understanding, or wherein a court demands action.  Navient offers this limited explanation and sincere apology, in the hope that this Court will forgive its failures in this matter.

WHEREFORE, Navient Solutions, LLC respectfully requests that this Honorable Court render such relief as is just and appropriate.


Dated August 29, 2017          Respectfully submitted,

By:     */s/ Allison L. Carr*
          Allison L. Carr (PA Bar No. 203815)
          BERNSTEIN-BURKLEY, P.C.
          Suite 2200 Gulf Tower
          707 Grant Street
          Pittsburgh, PA  15219
          Telephone:  (412) 456-8100
          Facsimile:   (412) 456-8135
          E-mail:  acarr@bernsteinlaw.com


By:    Alane A. Becket (PA Bar No. 65451)
          Becket & Lee LLP
          16 General Warren Blvd.
          Malvern, PA 19355
          Telephone:  (610) 644-7800
          Facsimile:  (610) 993-8494
          E-mail:  abecket@becket-lee.com

          Attorneys for Navient Solutions, LLC