# EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankr. Case No.: 12-23412-GLT |
| LANCE B. MCCULLOUGH and<br>JANELLE L. MCCULLOUGH | Chapter 13 |
| Debtor. | |

### AFFIDAVIT OF JOSH COURTER

I, Josh Courter, hereby affirm as follows:

1. I am the Director of the Claims Department of Navient Solutions, LLC, and I have personal knowledge of the facts set forth below, or knowledge drawn from Navient's records and, if called to testify, can attest to the following facts.

2. I am currently eighteen (18) years of age or older at all times relevant to this Affidavit.

3. As part of a corporate reorganization Sallie Mae, Inc. changed its name to Navient Solutions, Inc. in May 2014. Much more recently, Navient Solutions, Inc. changed its form and name to Navient Solutions, LLC. The parent company of Navient Solutions, Inc., and now, Navient Solutions, LLC, is Navient Corporation. The former Sallie Mae, Inc., now Navient Solutions, LLC, is an educational loan servicer, and its function has not changed.

4. Navient's Claims Department is responsible for filing Proofs of Claim, processing notices related to bankruptcy claims, and for action specifically related to bankruptcy claims.

5. A Navient employee receiving a notice related to a bankruptcy claim would, in the ordinary course of business, forward such notice to Navient's Claims Department for processing.

6.  Navient's Bankruptcy Litigation Unit is responsible for addressing matters related to litigation in the Bankruptcy Court.

7.  A Navient employee receiving a notice related to bankruptcy litigation would, in the ordinary course of business, forward such notice to Navient's Bankruptcy Litigation Unit for evaluation and appropriate action.

8.  Navient's electronic records show that, prior to February, 2013, neither Sallie Mae, Inc., nor Navient, had any connection to the Debtor's educational loan debt.

9.  Navient's electronic records show that the servicing of many educational loan accounts, including the Debtor's account arising from a Department of Education Direct Consolidation Loan, referenced further below, was transferred to Sallie Mae, Inc. as of February 26, 2013.

10. Navient's electronic records show that the Debtor's Department of Education Direct Consolidation Loan was applied for on August 16, 2012, and disbursed on September 27, 2012.

11. Accounts which are involved in an active bankruptcy case are typically not eligible for transfer of servicing between servicers, or if servicing must be transferred, such transfer of servicing is accompanied by a notation of bankruptcy on the account, to prevent active servicing of the account in violation of the automatic stay in the bankruptcy case.

12. Navient's electronic records show that there was no notation of bankruptcy in connection with the transfer of servicing of the Debtor's account to Sallie Mae, Inc. in February 2013.

13. Navient's electronic records show that Sallie Mae, Inc. first learned of the existence of this bankruptcy case on July 22, 2013, when Debtor Janelle McCollough called Sallie Mae, Inc. asserting that she was in an active bankruptcy.

14. Navient's electronic records show that, upon receipt of the telephonic notice of the Debtor's bankruptcy case, Sallie Mae, Inc. verified the existence of the bankruptcy case through a PACER search, and after confirming the existence of the bankruptcy, Sallie Mae, Inc. placed the account in a bankruptcy status, and filed Claim No. 9.

15. Servicing responsibilities formerly held by Sallie Mae, Inc., including those related to Department of Education debt, became the responsibility of Navient Solutions, Inc., and later Navient Solutions, LLC.

16. Claim No. 9 has not been transferred from one holder to another holder. Rather, Claim No. 9 has remained a debt owed to the Department of Education at all relevant times.

17. Navient's electronic records show that Navient filed its Withdrawal of Claim 9 on April 3, 2017 (Docket No. 165), after an internal investigation revealed that Claim No. 9 related to a post-petition debt, for which claims are not allowed.

18. Navient's electronic records show that Navient's Claims Department received the April 18, 2017, Order Requiring Navient to File a Transfer or Assignment of Claim on April 24, 2017.

19. The Navient Claims Department employee assigned to process the April 18, 2017 Order misunderstood or misinterpreted the Order, and determined that, since the claim related to a post-petition debt and had been withdrawn, a transfer of claim was not appropriate. Navient understands that this was an error in judgment by the Navient employee assigned to process the

Order, and that the employee should have escalated the Order to a management level employee for further evaluation and action.

20. Navient's Claims Department received the June 2, 2017, Order on June 7, 2017.

21. Unfortunately, the Navient employee assigned to process the June 2, 2017 Order again misunderstood the Order, and again determined that, since the debt was a post-petition debt and the claim had been withdrawn, no transfer of claim was appropriate. The Navient employee processing the June 2, 2017 Order failed to understand that the court demanded an explanation and appearance. The Navient employee processing the June 2, 2017 Order further failed to escalate the Order to a Navient management level representative for review and appropriate decision making. Again, Navient understands that these decisions were a grave error in judgment by the Navient employee assigned to process the Order.

22. Navient's Claims Department received the July 13, 2017 Order on July 21, 2017, but again, and for the same reasons that no action was taken on the April 18, 2017 Order and the June 2, 2017 Order, no action was taken in response to the July 13, 2017 Order.

_____
Josh Courter
Claims Director
Navient Solutions, LLC

State of Pennsylvania
County of Luzerne

On August 29, 2017, before me, the undersigned, a notary public in and for said State, personally appeared Josh Courter, who properly identified himself to me and signed this document in my presence. My commission expires on _7-3-18_.

Witness my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
STEVEN CHRISTOPHER GETZ
Notary Public
HANOVER TWP., LUZERNE COUNTY
My Commission Expires Jul 3, 2018